IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| Crystal L., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No.: 22-cv-50077 |
| v. ) | |
| ) | Magistrate Judge Margaret J. Schneider |
| Carolyn Colvin ) | |
| Acting Commissioner of Social Security,[1] ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Crystal L., seeks review of the final decision of the Commissioner of the Social Security Administration denying her disability benefits. For the reasons set forth below, the Court remands this matter for further proceedings consistent with this opinion.

**BACKGROUND**

**A. Procedural History**

On August 23, 2018, Crystal L. ("Plaintiff") filed for child's insurance benefits based on disability. She also filed a Title XVI application for supplemental security income. R. 174. Her applications were denied initially, upon reconsideration, and by decision of Administrative Law Judge ("ALJ") dated June 30, 2020. R. 174-185. Plaintiff appealed the decision to the Appeals Council, and the Appeals Council granted Plaintiff's request for review. R. 192-193. The Appeals Council vacated the hearing decision and remanded the case. *Id*.

On remand, ALJ Lee Lewin held a telephonic hearing on July 6, 2021. R. 15. Plaintiff, represented by counsel, appeared and testified. *Id*. Cheryl R. Buechner, Ph.D., an impartial medical expert, and Michael Stern, an impartial vocational expert ("VE"), also appeared and testified. *Id*. On September 9, 2021, the ALJ issued a written opinion denying Plaintiff's claims for child's insurance benefits and supplemental security income. R. 15-26. The Appeals Council denied Plaintiff's request for review. R. 1-6. Plaintiff now seeks judicial review of the ALJ's decision, which stands as the final decision of the Commissioner. *See* 42 U.S.C. § 405(g); *Schmidt v. Astrue*, 496 F.3d 833, 841 (7th Cir. 2007). The parties have consented to the jurisdiction of this Court. *See* 28 U.S.C. § 636(c); [5,6]. Now before the Court are Plaintiff's motion to reverse or remand the Commissioner's decision [13], Defendant's motion for summary judgment [14], and Plaintiff's reply brief [15].

---

[1] Carolyn Colvin has been substituted for Kilolo Kijakazi. Fed. R. Civ. P. 25(d).

B. The ALJ's Decision

In her ruling, the ALJ applied the statutorily required five-step analysis to determine whether Plaintiff was disabled under the Social Security Act. *See* 20 C.F.R. § 404.1520(a)(4). At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the amended alleged onset date of October 8, 2015. R. 17. At step two, the ALJ found that Plaintiff had the following severe impairments: bipolar disorder, autism spectrum disorder, and attention deficit hyperactivity disorder. R. 18. The ALJ found that these impairments significantly limited Plaintiff's ability to perform basic work activities. *Id*. At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of an impairment listed in 20 C.F.R. § 404, Subpart P, Appendix 1. R. 18-19.

Before step four, the ALJ found that Plaintiff had a residual functional capacity ("RFC") to perform a full range of work at all exertional levels but with the following exceptions: can understand, remember, and carry out instructions for simple, routine, repetitive tasks with sufficient concentration, persistence, or pace to timely and appropriately complete such tasks; no more than occasional contact with coworkers, supervisors, and the general public; no dealing with or solving tasks with the general public; no fast-paced production rate or strict quota requirements, but can meet end-of-day requirements; and can make simple workplace decisions and tolerate simple workplace changes. R. 19-25. At step four, the ALJ found that Plaintiff had no past relevant work. R. 25. At step five, the ALJ found that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. R. 25-26. Therefore, the ALJ concluded that Plaintiff was not disabled under the Social Security Act at any time from October 8, 2015, through the date of decision, September 9, 2021. R. 26.

**STANDARD OF REVIEW**

The reviewing court evaluates the ALJ's determination to establish whether it is supported by "substantial evidence," meaning "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moore v. Colvin*, 743 F.3d 1118, 1120-21 (7th Cir. 2014) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). While substantial evidence is "more than a mere scintilla, . . . the threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (internal quotation marks and citation omitted). The substantial evidence standard is satisfied when the ALJ provides "an explanation for how the evidence leads to their conclusions that is sufficient to allow us, as a reviewing court, to assess the validity of the agency's ultimate findings and afford [the appellant] meaningful judicial review." *Warnell v. O'Malley*, 97 F.4th 1050, 1052 (7th Cir. 2024) (internal quotation marks and citation omitted). An ALJ "need not specifically address every piece of evidence but must provide a logical bridge between the evidence and [the] conclusions." *Bakke v. Kijakazi*, 62 F.4th 1061, 1066 (7th Cir. 2023) (internal quotation marks and citation omitted). *See also Warnell*, 97 F.4th at 1054.

The court will only reverse the decision of the ALJ "if the record compels a contrary result." *Gedatus v. Saul*, 994 F.3d 893, 900 (7th Cir. 2021) (internal quotation marks and citation

omitted). The court is obligated to "review the entire record, but [the court does] not replace the ALJ's judgment with [its] own by reconsidering facts, reweighing or resolving conflicts in the evidence, or deciding questions of credibility. . . . [The court's] review is limited also to the ALJ's rationales; [the court does] not uphold an ALJ's decision by giving it different ground to stand upon." *Jeske v. Saul*, 955 F.3d 583, 587 (7th Cir. 2020).

## DISCUSSION

Plaintiff argues that the ALJ erred by: (1) improperly weighing medical opinions; (2) failing to address all of Plaintiff's limitations when determining Plaintiff's RFC; and (3) incorrectly evaluating Plaintiff's subjective symptoms. The Court finds that the ALJ erred in considering the medical opinions and remands the case for further proceedings consistent with this opinion.

In evaluating claimants' disability claims, ALJs "need not 'defer or give any specific evidentiary weight' to any medical opinion." *Evonne R. v. Kijakazi*, No. 20CV7652, 2022 WL 874650, at *3 (N.D. Ill. March 24, 2022) (quoting 20 C.F.R. § 404.1520c(a), 416.920c(a)). Nevertheless, ALJs must consider all medical opinions and analyze them based on certain factors including supportability and consistency. 20 C.F.R. §§ 404.1520c(c)(1)-(5), 416.920c(c)(1)-(5). In reviewing an ALJ's analysis of a medical opinion, "a 'logical bridge' remains the touchstone of judicial review." *Evonne R.*, 2022 WL 874650, at *5. An ALJ "must consider the regulatory factors and explain why a medical opinion is not supported or is not consistent with the record to give a reviewing court the bridge to connect the outcome to the record." *Id*.

Dr. Boan, Psy.D., submitted a letter dated September 23, 2020, in which she gave her medical opinion that Plaintiff "was unable to maintain employment" and had "cognitive difficulties [that] impacted her ability to sustain attention, complete tasks, work at an efficient pace, maintain workplace safety, or interact with others." R. 23, 778. She also completed a Mental Residual Functional Capacity Assessment, which, as the ALJ noted, "imposed restrictions on [Plaintiff's] ability to function that would essentially preclude her from performing any work on a full-time basis." R. 23, 779-786. The Assessment concluded that Plaintiff "had no useful ability to carry out very short and simple instructions, maintain regular attendance, make simple work-related decisions, and deal with normal work stress." *Id*. The ALJ found Dr. Boan's opinions "to be not persuasive for a number of reasons." R. 23. Among those reasons, the ALJ found that "the findings of Dr. Boan's own [2017] neuropsychological evaluation are not consistent with her restrictions provided in her September 2020 opinions." R. 24.

Plaintiff claims that the ALJ erred in finding Dr. Boan's 2020 opinions unpersuasive, arguing that the ALJ misinterpreted the results of the original 2017 evaluation and that the ALJ mischaracterized the record when finding inconsistencies between the 2017 evaluation and Dr. Boan's 2020 opinions. The ALJ stated that Dr. Boan's 2020 opinions were inconsistent with the results of the 2017 neuropsychological evaluation because the 2017 "evaluation showed [Plaintiff] to have impairments in several areas of cognitive functioning, but they were noted to either be mild in nature or in the low-average range of abilities, at worst." R. 24. This statement is a misreading of the stated evaluation results. The neuropsychological data set forth in the 2017 evaluation did reflect that Plaintiff had adequate abilities in multiple different areas of mental

3

functioning. R. 534. However, the data also revealed that Plaintiff had "intermittent difficulties" in some areas as well as "impaired abilities" in others. *Id*. For example, Plaintiff exhibited a "[m]oderately [i]mpaired range of functioning (1st Percentile)" in word reading. R. 539. This result indicated "substantial impairment decoding words through letter identification and word recognition" and placed Plaintiff at a 3rd grade reading level. *Id*. On a Perception Reasoning Index, Plaintiff had a score in the 3rd percentile, and Dr. Boan determined that she fell in the "[m]oderately [i]mpaired range of intellectual functioning." R. 540. The result indicated that Plaintiff had "significant deficits in her abilities to complete activities that require competence in analysis of a whole into component parts, analogical reasoning, mental flexibility, [and] integrating visual stimuli." *Id*. Dr. Boan concluded that Plaintiff had "substantial deficits with nonverbal intelligence." *Id*. The 2017 evaluation also revealed that Plaintiff had a "[s]everely [i]mpaired range of function" in her ability to attend to and recall numbers presented in oral format, putting her in the 1st percentile, and she was in the 5th percentile in tasks of attention to visual information and efficient visual scanning. R. 541. Her scores "suggest[ed] difficulties with basic attention to non-language based information and difficulties with processing information efficiently." *Id*. As a final example, on the grooved pegboard assessment, Plaintiff had a score that fell in the "[p]rofoundly [i]mpaired range of ability," in the 1st percentile with her dominant hand and the 2nd with her non-dominant hand. R. 541-542. Her performance suggested "impairments with visual-motor coordination." R. 542. These results indicated severe impairments; the ALJ was factually incorrect to assert that the evaluation only showed Plaintiff to have "mild" impairments or at worst a "low-average" range of abilities. R. 24.

Additionally, the ALJ found Dr. Boan's 2020 opinions inconsistent with her previous statement on the 2017 evaluation that Plaintiff had "skills that can be beneficial within a work environment . . . [and] may benefit from seeking vocational training." R. 24. However, the ALJ seems to have overlooked that Dr. Boan then stated, "it is unlikely that [Plaintiff] will be able to obtain and sustain employment on a full-time basis" and that she "does not have the cognitive or functional ability to reside independently and will need 24 hour living assistance on a life-long basis." R. 535. There is no inconsistency between those statements and her 2020 opinions that Plaintiff was unable to maintain employment. The ALJ also stated that Dr. Boan's 2017 evaluation "did not show her to observe [Plaintiff] as having poor grooming or hygiene," R. 24. However, Dr. Boan stated that Plaintiff "had poor levels of grooming and hygiene." R. 538. Finally, the ALJ found the 2020 opinions inconsistent with treatment notes which reflected that Plaintiff hoped to improve and return to work. R. 24, 808. Dr. Boan's opinion that Plaintiff could not work is not necessarily inconsistent with the treatment notes because "a claimant's *desire* to work is not inconsistent with her *inability* to work because of a disability." *Rucker v. Berryhill*, No. 17CV5420, 2018 WL 4110740, at *4 (N.D. Ill. Aug. 29, 2018) (quoting *Hill v. Colvin*, 807 F.3d 862, 868 (7th Cir. 2015)). Given the inaccuracies and mischaracterizations of the record in the ALJ's evaluation of Dr. Boan's medical opinions, the Court concludes that the ALJ failed to provide substantial evidence to support her conclusion that Dr. Boan's opinions deserved little weight. *See Mark N. v. Saul*, No. 19CV50261, 2021 WL 1222873, at *7 (N.D. Ill. Apr. 1, 2021).

Plaintiff also argues that the ALJ incorrectly evaluated the opinion of Dr. Cheryl Buechner, the independent medical expert who testified at the hearing. The Court need not reach this issue, given that it is remanding this matter based on the ALJ's faulty weighing of Dr. Boan's opinions. Nonetheless, the Court notes that the ALJ found the expert's opinion persuasive because it was

4

"based on a review of the entirety of the record." R. 25. This statement is inaccurate because the expert testified before having the opportunity to hear the testimony of either Plaintiff or her grandmother. R. 60-61. As such, the expert was unaware of certain important facts, including the fact that Plaintiff had a job coach constantly supervising her during her last employment as well as the fact that Plaintiff's last employment was not terminated due to COVID. R. 51, 56-57, 60-61, 64, 66, 76. Thus, the error in weighing this medical opinion likely also necessitates remand. *See Tasha C. v. Saul*, No. 18CV4677, 2019 WL 6877190, at *7 (N.D. Ill. Dec. 17, 2019) ("Because the ALJ's weighing of medical opinions 'lacks evidentiary support' and 'is so poorly articulated as to prevent meaningful review, the case must be remanded.'" (citation omitted)).

## CONCLUSION

Plaintiff raised other arguments, but further analysis of these issues is not necessary because they would not change the result here and can be addressed more fully on remand. Plaintiff should raise all arguments regarding any other alleged errors by the ALJ on remand. For the reasons stated above, Plaintiff's motion to reverse or remand the Commissioner's decision [13], is granted and Defendant's motion for summary judgment [14], is denied. This matter is remanded for further proceedings consistent with this opinion.

Date: January 21, 2025

ENTER:

_____
United States Magistrate Judge